UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON JUANITA JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:19-cv-1785-GMB |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

# **MEMORANDUM OPINION**

On May 3, 2016, Plaintiff Sharon Juanita Jones filed an application for Supplemental Security Income ("SSI"). Her alleged disability onset date is May 1, 2014. Jones' application for benefits was denied at the initial administrative level. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on August 16, 2018 and partially denied Jones' claims on November 15, 2018. Jones requested a review of the ALJ's decision by the Appeals Council, which declined review on September 7, 2019. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of September 7, 2019.

Jones' case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States

Magistrate Judge. Doc. 14. Based on its review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW[1]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence."

---

[1] In general, the legal standards applied are the same whether a claimant seeks disability insurance benefits ("DIB") or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations for statutes or regulations found in excerpted court decisions.

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Jones bears the burden of proving that she is disabled and is responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

> (1) Is the claimant presently unable to engage in substantial gainful activity?
> (2) Are the claimant's impairments severe?
> (3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the claimant unable to perform her former occupation?
> (5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

"An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

Applying the sequential evaluation process, the ALJ found that Jones had not engaged in substantial gainful activity since May 3, 2016, the date of her application. R. 23. At step two, the ALJ found that Jones suffered from the following severe impairments: congestive heart failure with pacemaker implantation, chronic obstructive pulmonary disease, obesity, osteoarthritis, depression, anxiety, and personality disorder. R. 23. The ALJ found that Jones' other reported impairments were non-severe. R. 23.

At step three, the ALJ found that Jones did not have an impairment or combination of impairments meeting or medically equaling the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 23–25. Before proceeding to step four, the ALJ determined that Jones had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R.

§ 416.967(b), except

> the claimant is unable to lift and carry more than ten pounds; climb ladders, ropes, or scaffolds; or to perform around hazards, or in concentrated exposure to environments of extreme hot or cold temperatures, wetness, humidity, vibration, or fumes, odors, dust, gases, or poor ventilation. The claimant can occasionally climb ramps or stairs, and can frequently balance, stoop, kneel, crouch, or crawl. The claimant needs the use of an assistive device for ambulation greater than 25 feet, and cannot climb more than six steps at one time, and cannot walk more than 200 feet at one time. The claimant can understand, remember, and carry out short, simple instructions and tasks. The claimant can maintain attention and concentration for periods of two hours, and with customary breaks can complete an eight-hour day. The claimant would do best with a well-spaced work area (at least three feet from others), and contact with the public or supervisors should be no more than occasional and brief (no more than 30 minutes at one time. Any change in the work setting or expectations should be infrequent and gradually introduced.

R. 26. In reaching this opinion, the ALJ stated that he considered Jones' symptoms, the objective medical evidence, and other evidence. R. 26.

Because the ALJ determined Jones had no past relevant work at step four (R. 30), the ALJ relied on the testimony of a vocational expert ("VE") in finding that there were a significant number of jobs in the national economy Jones could have performed prior to September 16, 2018, when her age category changed. R. 30. Thus, at step five of the five-step sequential process, the ALJ found that Jones was not disabled prior to September 16, 2018. R. 31. However, the ALJ found that there were not a significant number of jobs in the national economy that Jones could have

performed as of September 16, 2018. R. 31. Therefore, the ALJ found Jones to be disabled as of September 16, 2018. R. 31.

### III. RELEVANT FACTUAL BACKGROUND

Jones was 55 years old at the time of the ALJ's decision. R. 16 & 48. She alleges that her medical conditions include congestive heart failure, COPD, high cholesterol, HBP, kidney stones, degenerative disc disease, OCD, problems with her right foot, heart problems requiring the use of a pacemaker, and a cholecystectomy. R. 171. Jones completed her GED in 1980. R. 172. She worked as a greeter at Walmart until the end of 2008, when she stopped working to take care of children. R. 172. Medical records from visits to Alabama Cardiovascular Group from 2016 to 2018 indicate normal cardiovascular findings on Jones' physical exam. R. 381, 397, 480, 492, 498, 505, 515 & 676. The report from an echocardiogram performed in January 2017 indicates normal findings except for a mildly dilated left ventricle, along with mild grade-one diastolic dysfunction, mild mitral regurgitation, and trivial tricuspid regurgitation. R. 482–86.

In a letter dated August 8, 2018, Rebecca Miller, M.D. wrote that she had been Jones' treating physician for more than three years. R. 667. Dr. Miller indicated that Jones has significant depression and anxiety with a strong history of drinking, although she had not consumed alcohol in more than a year. R. 667. According to Dr. Miller, Jones has COPD, obstructive sleep apnea, and chronic kidney disease.

R. 667. Dr. Miller opined that Jones "is unable to maintain gainful employment due to the multiple medical problems from which she suffers." R. 667. In a questionnaire, Dr. Miller indicated that Jones can stand for fewer than 15 minutes continuously and can walk fewer than two city blocks without stopping. R. 668–69. She also indicated that Jones can lift and carry fewer than five pounds. R. 669. Dr. Miller noted that Jones can bend but cannot squat or kneel. R. 669.

Dr. Miller's records from 2015 to 2018 indicate that Jones had normal motor strength and tone with normal movement of all extremities. R. 278, 283, 288, 293 & 522. Jones did present with normal muscle tone but abnormal muscle strength and limited range of motion in September 2016. R. 357. Dr. Miller also reported that Jones was waddling and had an irregular gait at that time. R. 357. At the hearing before the ALJ, she did not use a cane and testified that she can climb stairs. R. 46–47 & 49.

On October 17, 2016, Samuel Saxon, Ph.D. conducted a disability determination evaluation of Jones. R. 375–77. Dr. Saxon concluded that Jones suffers from major depression and obsessive compulsive disorder and found that her Global Assessment of Functioning ("GAF") score was 40. R. 377. Dr. Saxon concluded that Jones "does not appear at this time to have the physical ability to do any kind of significant labor and it would appear that both her depression and her anxiety probably interfere to a significant degree with her cognitive abilities as

8

well." R. 377.

In March 2018, Jones sought treatment at Chilton Shelby Mental Health Center. R. 542. She reported that she was experiencing stressors related to her physical health which were increasing her depression. R. 542. Her appearance was appropriate, although she was slightly overweight. R. 549. Her demeanor was flat with calm activity and appropriate speech. R. 549. In July 2018, she again was found to have appropriate appearance and affect but reported dysphoric mood. R. 694. Her orientation was normal, and she had calm motor activity. R. 694. She was compliant with her medications and did not report any side effects. R. 694. Jones had similar results in August 2018 but presented with a euthymic mood, although she alleged that the medication was causing her hair to fall out. R. 696.

## IV.  DISCUSSION

Jones makes four arguments for reversing the ALJ's decision: (1) the RFC is more consistent with a classification of sedentary work than light work; (2) the ALJ gave too little weight to the opinions of a treating physician; (3) the ALJ improperly determined the RFC; and (4) the ALJ did not properly credit Jones' testimony relating to her pain and other nonexertional limitations. Doc. 10 at 9. The court addresses each of these arguments in turn.

**A.     RFC of Light Work**

After a finding that a claimant cannot return to prior work, the Commissioner

bears the burden to show other work the claimant can perform. *Foote*, 67 F.3d at 1559. This burden can be met by applying the medical-vocational guidelines only when the claimant suffers primarily from exertional impairments. *Id.* When the claimant suffers from significant non-exertional limitations, the Commissioner must use VE testimony to show the other work the claimant could perform. *Id.*

Jones argues that the ALJ's RFC assessment effectively restricts her to sedentary work. Doc. 10 at 10–11. And if she has an RFC restricted to sedentary work, then the medical-vocational guidelines indicate that she should likely be deemed disabled. *See* 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.00(g). However, the ALJ found that Jones has significant non-exertional impairments, including depression, anxiety, and personality disorder. R. 23; *see* 20 C.F.R. § 404.1569a(a) (describing nonexertional limitations as those that affect your ability to meet the demands of work other than strength demands). Thus, the law required the ALJ to rely on evidence from a VE. *Foote*, 67 F.3d at 1559. At Jones' hearing, a VE described two jobs classified as light that exist in significant numbers and could be performed by a person with Jones' RFC. R. 65–66. Jones does not contest the VE's testimony in this respect. On this record, the court concludes that the ALJ complied with the law and the VE's testimony provides substantial evidence supporting the ALJ's finding that Jones has the RFC to perform light duty jobs.

## B.     Formulating the RFC

Jones' second and third issues on appeal intertwine in that they both concern the ALJ's RFC assessment, so the court will address these issues together. "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (internal citations omitted). An ALJ does not have to defer to a treating physician's conclusion that a patient is "disabled" or "unable to work" because these are judgments reserved for the ALJ. *See* 20 C.F.R. § 404.1527(d)(1). Finally, when formulating the RFC, the Eleventh Circuit has held that an ALJ has adequately considered an impairment if he states that he considered "all symptoms" in determining the claimant's RFC. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951–52 (11th Cir. 2014) (citing *Wilson*, 284 F.3d at 1224–25).

There is substantial evidence supporting the ALJ's decision to give minimal weight to Dr. Miller's testimony. The ALJ's RFC assessment differs from Dr.

11

Miller's conclusions in two respects. First, the RFC assessment allows for Jones to carry up to ten pounds while Dr. Miller limits Jones to five pounds. R. 26 & 669. Second, the RFC assessment allows for Jones to kneel and crouch frequently while Dr. Miller opines that Jones is unable to kneel or squat. R. 26 & 669. Dr. Miller's own records undermine these two conclusions by indicating that Jones could walk normally and had normal motor strength and tone with normal movement of all extremities during multiple evaluations from 2015 to 2018. R. 278, 283, 288, 293 & 522. Other evidence indicates that Jones climbs stairs and that she attended the hearing without using a cane. R. 46–47, 49 & 495. Finally, the ALJ was under no obligation to defer to Dr. Miller's conclusion in August 2018 that Jones could not be gainfully employed because that is a determination reserved for the ALJ. *See* 20 C.F.R. § 404.1527(d)(1).

Jones also argues that the ALJ failed to consider all relevant evidence when determining her RFC. Doc. 10 at 16–17. However, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the medical evidence and other evidence." R. 26. This statement shows that the ALJ has adequately considered the evidence in making his RFC assessment. *Tuggerson-Brown*, 572 F. App'x at 951–52.

Finally, Jones asserts that the ALJ must include all of a claimant's medical conditions in the hypothetical questions posed to the VE. Doc. 10 at 17. This is

incorrect. The ALJ must include all the claimant's impairments in the hypothetical questions. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Here, the ALJ's hypothetical questions did included all of the impairments described in the RFC assessment. *Compare* R. 26, *with* R. 63–66. Therefore, this court finds that there is substantial evidence supporting the ALJ's RFC assessment.

**C.    Pain Standard**

The Social Security Regulations provide that a claimant's subjective complaints of pain alone cannot establish disability. Rather, the regulations describe additional objective evidence that permits a finding of disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529. Interpreting these regulations, the Eleventh Circuit has articulated a "pain standard" that applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. When establishing disability in this manner, a claimant must satisfy two parts of the Eleventh Circuit's three-part pain standard: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

"[I]f a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the

claimant's testimony." *Crow v. Colvin*, 36 F. Supp. 3d 1255, 1259 (N.D. Ala. 2014). A claimant's testimony that is supported by medical evidence and satisfies the pain standard "is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). But an ALJ is free to determine that a claimant's testimony is not credible. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005); *Crow*, 36 F. Supp. 3d at 1259. Thus, after the pain standard is satisfied, the "ALJ must make credibility determinations regarding a claimant's claims of pain" to determine whether the claimant truly is disabled. *Fries v. Comm'r of Soc. Sec. Admin.*, 196 F. App'x 827, 833 (11th Cir. 2006); *Crow*, 36 F. Supp. 3d at 1259.

When determining the credibility of a claimant's testimony as to her symptoms, the ALJ must follow a two-step process: "(1) first determine if the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged; and, if so (2) evaluate the intensity and persistence of the claimant's symptoms such as pain and determine the extent to which the claimant's symptoms limit his or her ability to perform work-related activities." *Cooley v. Comm'r of Soc. Sec.*, 2019 WL 211437, at *2 (M.D. Fla. Jan. 16, 2019). "In considering the intensity, persistence, and limiting effects of the claimant's symptoms, the ALJ is to examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical

14

sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *3 (internal citation and quotation omitted). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.2d at 1255. "The ALJ is not required explicitly to conduct a symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court." *Carrell v. Berryhill*, 2019 WL 1696698, at *4 (N.D. Ala. Apr. 17, 2019). Otherwise, the testimony will be accepted as true. *Id.* The pain standard requires that the articulated reasons must be supported by substantial evidence. *Hale*, 831 F.2d at 1012 ("Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence."). In any event, the "question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The ALJ discredited Jones' statements regarding the intensity, persistence, and limiting effects of her symptoms based on the objective medical evidence and Jones' own testimony. Regarding her physical impairments, Dr. Miller's records indicate that Jones generally had normal to moderate findings, although Jones had some abnormal findings regarding her motor strength, range of motion, and gait. *See* R. 278, 283, 288, 293, 357, 482–86 & 522. The records from Alabama Cardiovascular Group also show generally normal cardiovascular findings following

her pacemaker implantation in 2014. R. 381, 397, 480, 492, 498, 505, 515 & 676. As to her mental impairments, Dr. Saxon diagnosed her with major depression and obsessive compulsive disorder and found a GAF score of 40, indicating an impairment. R. 377. But, more recently, Jones generally had no abnormal findings despite her symptom complaints. R. 542, 549, 694 & 696. On this record, the court cannot say that the ALJ was clearly wrong to discredit Jones' subjective pain testimony. This court finds that there is substantial evidence supporting the ALJ's decision to discredit Jones' statements regarding her pain and other nonexertional limitations.

## V.  CONCLUSION

For these reasons, the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Accordingly, the decision of the Commissioner is due to be affirmed. A final judgment will be entered separately.

DONE and ORDERED on February 17, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE